United States District Court
Southern District of Texas
**ENTERED**
March 15, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **NATALIA BERENISE CRUZ-CANALES,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00942 |
| | § | |
| **BRET A. BRADFORD,** *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Before the Court is Petitioner Natalia Berenise Cruz-Canales's First Amended Petition for Writ of Habeas Corpus (ECF No. 13) and Respondents' Response and Motion to Dismiss and, in the Alternative, for Summary Judgment (ECF No. 15). For the following reasons, the Court **GRANTS IN PART** the First Amended Petition for Habeas Corpus and **DENIES** Respondents' Motion to Dismiss.

### I.   BACKGROUND

Respondents did not dispute the following facts. Petitioner Natalia Berenise Cruz-Canales is a 24-year-old citizen of Honduras who entered the United States without inspection in on or about May 29, 2023. ECF No. 13 at ¶ 1. After initial entry, DHS exercised its discretion and released Petitioner on an Order of Release on Recognizance. *Id.*; *id.* at ¶ 19. While released, Petitioner complied with all conditions. *Id.* at ¶ 20. She has no criminal history. *Id.* at ¶ 23. Nonetheless, Respondents re-detained Petitioner on December 12, 2025, at a routine ICE check-in. *Id.* at ¶ 1. She remains in custody. The Government's position is that Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2). ECF No. 15 at 2.

I.   ANALYSIS

Petitioner argues that her re-detention violates, *inter alia*, the Due Process Clause of the Fifth Amendment. ECF No. 13 at ¶¶ 37-46. Because the Court agrees that Petitioner's re-detention violates her procedural due process rights, it declines to address her other claims.

The Court recently addressed a nearly identical set of circumstances in *Betancourth v. Tate, et al.*, --- F.Supp.3d ---, No. 4:26-CV-01169, 2026 WL 638482 (S.D. Tex. Mar. 6, 2026) (Ellison, J.). *See also Alvarez Rico v. Noem, et al.*, No. 4:26-CV-00729, 2026 WL 522322 (S.D. Tex. Feb. 25, 2026). In those cases, the Court concluded that ICE's re-detention of a noncitizen who was previously released on their own recognizance without a pre-deprivation hearing or proof of changed individual circumstances violated the noncitizen's right to procedural due process. See *Betancourth*, 2026 WL 638482 at *3-4; *Alvarez Rico*, 2026 WL 522322 at *4-6. The Court also previously rejected Respondents' arguments regarding *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103 (2020). *See Alvarez Rico*, 2026 WL 522322 at *3-4. The Court sees no reason to reach a different result under the facts of this case. It therefore concludes that Petitioner's re-detention violated her Fifth Amendment right to procedural due process.

II.   RELIEF

The Court therefore **ORDERS** that Petitioner be released from custody by the end of the day Tuesday, March 17, 2026, pursuant to the terms of her prior release order. Petitioner shall be released in a public place within the Southern District of Texas, and her counsel shall be given notice of the time and place of her release. Respondents may not re-detain Petitioner during the pendency of her removal proceedings absent a pre-detention hearing before an IJ at which the government demonstrates, by clear and convincing evidence, that she is a flight risk or a danger to

the community or has violated the conditions of her release. Respondents similarly may not subject Petitioner to additional conditions of release without showing why new conditions are necessary.

The Court further **ORDERS** that Respondents file an advisory with the Court on or before March 18, 2026, informing the Court of the status of Petitioner's release.

Signed at Houston, Texas on March 14, 2026.

                                                    Keith P. Ellison
                                                    United States District Judge